*CC: LEK*

**ORIGINAL**

KENNETH L. LAWSON
3362 Loulu Street
Honolulu, Hawai'i, 96822
Phone: 808-542-7978
Email: Kenlawdog@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 06 2023

at 8 o'clock and 50 min. A M
Lucy H. Carrillo, Clerk

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAI'I

| | |
|---|---|
| KENNETH L. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF HAWAI'I; MICHAEL BRUNO; CAMILLE NELSON; JOHN AND JANE DOES 1-7; WILLIAM S. RICHARDSON SCHOOL OF LAW FACULTY MEMBERS AND/OR FORMER FACULTY MEMBERS IN THEIR INDIVIDUAL CAPACITIES,<br><br>Defendants. | CIV. NO. 23-00348-LEK-RT<br><br>MOTION FOR TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF KENNETH L. LAWSON AND EXHIBITS 1-31<br>Certificate of Service |

### MOTION FOR TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Kenneth L. Lawson respectfully moves this Court for a temporary restraining order and preliminary injunction against Defendants University of Hawai'i, Michael Bruno and Camille Nelson. Defendants are currently violating Plaintiff's rights secured by the First Amendment to the United States Constitution.

1

On February 27, 2023, Defendants issued a Notice of Investigation against Plaintiff, banished him from the W.S.R.S.L. campus, and restricted and chilled his speech on matters of public concern. Defendants purported to do so pursuant to the following U.H. Policies: Administrative Policy 1.202; Executive Policy EP 9.210, Workplace Non-Violence Policy; Executive Policy EP 1.202, Nondiscrimination, Equal Opportunity, and Affirmative Action Policy; Sex and Gender Misconduct Policy EP 1.204; plus Article XVIII, B.6. of the Unit 7 collective bargaining agreement. Defendants' use of these policies and the collective bargaining agreement to impose a prior restraint on Plaintiff's freedom of speech and association, assume unbridled discretion by Defendants and burden the exercise of Plaintiff's First Amendment rights to speak and associate. The Defendant has imposed these restrictions on Plaintiff for (a) accusing Defendants of engaging in unlawful discrimination by misusing the faculty classification system to violate equal pay for equal work laws, (b) filing a grievance and complaint against Defendants with the Hawai'i Civil Rights Commission, (c) speaking openly on sensitive issues of racial discrimination at a W.S.R.S.L. faculty meeting, and (d) publicly calling for a boycott of a Black History Month event at W.S.R.S.L.

Defendant Bruno, knowing Plaintiff had filed a discrimination

complaint and grievance against him, chose to oversee Plaintiff's investigation rather than have EEO or Title IX be the coordinator as stated in U.H.'s policy. Even more troubling, Defendant Bruno appointed Dean Jon Osorio as Decision Maker in the investigation, knowing that Osorio has in recent years, worked closely and continues to work closely with Defendants Bruno and Nelson to gain legislative approval for a new clinic that would be co-directed by Dean Osorio and located at the W.S.R.S.L., where the new clinic's mission would overlap with the missions of Plaintiff's existing clinics and directly compete with those existing clinics for space and other severely limited resources. Plaintiff's repeated requests/demands for the appointment of an unconflicted Decision Maker have been declined or ignored by Defendants, which further confirms Plaintiff's reasonable belief that Defendant Bruno appointed Osorio as Decision Maker with the specific goal to retaliate against Plaintiff for the reasons stated above and the memorandum in support of this motion. Similarly, Plaintiff's repeated requests for mediation of all the issues have been denied or countered with a proposed mediation with only the lawyers present, not any of the clients, and be limited to specific issues chosen by Defendants.

Plaintiff requests that the Court hear his motion for a temporary restraining order and preliminary injunction. Specifically, Plaintiff moves

this Court to order Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them to:

1. Rescind the Notice of Investigation orders currently banishing Plaintiff from setting foot on the W.S.R.S.L. campus, where for years he made every effort to teach all his classes in person; to counsel countless individual students on academic and other matters of concern to them; to advise the various student organizations he has repeatedly volunteered to advise over the years; and to carry out his extensive educational and administrative duties related to the legal clinics he directs at W.S.R.S.L., the Hawai'i Innocence Project ("H.I.P.") and Beyond Guilt Hawai'i ("Beyond Guilt Hawaii");

2. Terminate any investigation related to the Notice of Investigations issued to Plaintiff, based on Plaintiff's engagement in protected speech;

3. Cease enforcing Defendant U.H.'s workplace-related policies it claims to be based on allegations of speech and conduct that do not rise to the level of harassment as defined in Policies 9.210, 1.202 and 1.204;

4. Cease using Article XVIII, B.6. of the Unit 7 collective bargaining agreement to weaponize Administrative Procedure AP 1.202, to ban

and restrict Professor Lawson's speech and his ability to teach, counsel, advise, and otherwise associate in person with his students, direct the legal clinics for which he is personally responsible, and meet with members of the W.S.R.S.L. chapter of the National Black Law Students Association ("N.B.L.S.A." or B.L.S.A.) on the W.S.R.S.L. campus.

Plaintiff also respectfully moves this Court to waive the security requirement under Fed. R. Civ. P. 65(c). When "there is no evidence [a] party will suffer damages from the injunction," the district court may properly require no security. *Conn.Gen. Life ins. Co. v New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003)*. Here, the Defendants will suffer no damages from a preliminary injunction. The injunction will simply prevent them from infringing Plaintiff's speech and right to associate under the First Amendment of the U.S. Constitution.

This motion is made following the conference of counsel and pro-se Plaintiff pursuant to LR7.8 which took place on August 30, 2023. In support of this motion, Plaintiff relies on the attached memorandum of points and authorities, his declaration, and accompanying exhibits.

Respectfully submitted this 6th day of September 2023.

DATED: Honolulu, Hawaii, September 6, 2023.

*Kenneth L. Lawson*

5

/s/ Kenneth L. Lawson  
Kenneth L. Lawson  
Pro-Se Plaintiff

## Certificate of Service

I hereby certify that on September 6, 2023, a copy of the foregoing pleading was filed electronically. Notice of the filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kenneth L. Lawson  
Pro-Se Plaintiff

6