# EXHIBIT 30



Office of the Vice President for Legal Affairs and
University General Counsel

September 1, 2023

**VIA U.S. MAIL/E-MAIL (kenlawdog@gmail.com)**

Kenneth L. Lawson
3362 Loulu Street
Honolulu, Hawaii, 96822

    Re:    **Kenneth L. Lawson v. University of Hawaiʻi, Manoa, et al.;
Civil Action No. CV 23 00348 LEK RT: USDC, District of Hawaiʻi**

Dear Mr. Lawson:

    To summarize Wednesday's meet and confer, private mediation before Dispute Prevention and Resolution, Hawaii (DPR) with Judge (ret) Sandra Simms as the mediator under the terms and conditions of my August 30, 2023 letter was discussed and you and Mr. Harrison planned to discuss my proposal in a private session and get back to us regarding your final decision. If we cannot agree on any specific conditions of mediation, we suggested that the parties broach any impasse before Magistrate Rom Trader and see what he may think or suggest.

    We also discussed two issues: (1) Your plan to file a Motion for a Preliminary Injunction and (2) My plan to file a Motion To Strike any allegations in violation of Rule 8 and 12 of the Federal Rules of Civil Procedure.

    With respect to your plan to file Motion for a Preliminary Injunction, as my letter previously stated, we would not agree to mediation if such a motion is filed. We also disagree with your basis for such a Motion and would insist on taking your deposition before the hearing. Hence, we cannot reach an agreement to avoid this Motion except in the event that mediation goes forward as proposed.

    We had also discussed our prospective Motion to Strike that would be premised on the First Amended Complaint's failure to plead a "short and plain statement of the claim" without prolix or unnecessarily redundant allegations that also contain improper legal arguments. We additionally raised your violation of Paragraphs 10 and 11 of the Settlement Agreement concerning confidentiality and non-publication. Notwithstanding your statement that you did not have sufficient time to review my August 30 letter, it is reasonable to conclude that we could not reach an agreement on avoiding this potential Motion. Your claim that UH was the first to breach these terms by raising this as a defense to your discrimination claims before HCRC is unjustified as the law would

2444 Dole Street, Bachman Hall 110
Honolulu, Hawaiʻi 96822
Telephone: (808) 956-2211
Fax: (808) 956-2109
An Equal Opportunity/Affirmative Action Institution

Kenneth L. Lawson
September 1, 2023
Page 2

permit UH to raise the Settlement Agreement as a bar or "shield" against claims that UH believed were previously released or extinguished by this Agreement. On the other hand, your reference to the alleged admissions in the Settlement Agreement are superfluous to your lawsuit claims and used more as an evidentiary "sword" to unreasonably taint UH's settlement efforts and position regarding the on-going investigation for violation of UH's policies. You are not claiming a breach of contract or noncompliance by UH with any terms or conditions of the Settlement Agreement in this lawsuit. More importantly, UH did not publicly disseminate any of the terms and conditions of the Settlement Agreement as you did by your 2 filings. Nonetheless, you did seem to understand our specific concerns and continuing objections to your public dissemination of the terms and conditions of the Settlement Agreement. We would certainly stipulate to allowing you to file a Second Amended Complaint to correct these violations.

In response to your August 31, 2023 request to expedite a mediation by "September or the beginning of October at the latest", we can only ascertain this by contacting DPR on Judge Simms availability. But we will not do so until we receive a final commitment from both you and Mr. Harrison regarding the acceptance of the terms and conditions of mediation as outlined in my August 30 letter.

Lastly, I did check with Elizabeth Contrades, Esq. about your request to combine the two mediations before HCRC and this lawsuit, it is our position that they must proceed on "separate tracks" as the issues of "discrimination/breach of settlement agreement" are not specific claims raised in this lawsuit regarding alleged retaliation violations of the First Amendment and Civil Rights Act. Moreover, the mediation before HCRC is currently at the Mediation Center of the Pacific with a different mediator than the proposed mediation with Judge Simms through DPR.

We look forward to receiving your final response to our mediation proposal next week as promised.

Very truly yours,

Shelton G.W. Jim On
Associate General Counsel


CC: William A. Harrison, Esq.
    Joseph F. Kotowski, III, Esq.