# EXHIBIT 31

September 6, 2023

Shelton G.W. Jim On, Esq.
University of Hawai'i
Bachman Hall 110
2444 Dole Street
Honolulu, HI, 96822

VIA EMAIL: jimon@hawaii.edu

Dear Mr. Jim On:

    I write to respond to your September 1, 2023, letter in which you attempted to summarize our August 30, 2023, "meet and confer." Concerning the (non) issue of confidentiality of the settlement agreement, you state on page 2 of your letter, "[n]onetheless you did seem to understand our specific concerns and continuing objections to your public dissemination of the terms and conditions of the Settlement Agreement." Although I do understand your concern, I find it without merit. I disclosed that information in both step 1 and step 2 of the grievance procedure, including when seeking arbitration, and U.H. did not object. I also disclosed it when I filed with the Hawai'i Civil Rights Commission on February 11, 2023, and again U.H. did not object. In my amended complaint, I allege specific relevant facts to my retaliation claim, and the settlement agreement allows me to disclose its terms if required by law. If you or U.H. had a problem with me disclosing the terms of a contract that your clients breached, then you or they should have said something in February when I disclosed it in the legal and grievance process.

    From the time Bruno issued the Notice of Investigation on February 27, 2023, to the present, I have actively and repeatedly sought mediation, and U.H. has steadfastly refused to engage in mediation, other than mediation on specific issues chosen by you, and only if conducted by attorneys with no clients present at the mediation. I have repeatedly said the issues are intertwined and expressed optimism of reaching a settlement acceptable to all parties, but not if only attorneys could be physically present. Bill Harrison and I have also repeatedly requested ho'oponopono with a goal of healing damaged relationships, but you have steadfastly insisted on mediation only with attorneys in the room and only with respect to specific issues. You may recall that Bill Harrison and I were the first to suggest Judge Sims as a mediator, but not if she would be limited to mediation of the selected issues with only attorneys present.

    Your September 1, 2023, letter fails to mention that we also discussed the relationship between Dean Osorio and Defendants Bruno and Nelson and the obvious conflict of interest Dean Osorio would have as Decision Maker sitting in judgment of me. As I told you in prior correspondence and again during the pre-filing conference, it was your clients' outright refusal to replace Dean Osorio as Decision Maker with an unconflicted person, or to instruct him to hold any decision in abeyance while your clients addressed the glaring conflict of issues between Bruno, Osorio and Nelson, or the

parties had a chance to mediate the issues. Bill Harrison and I repeatedly asked you during our prefiling conference if you were willing to have Dean Osorio hold his decision in abeyance if we agreed to mediate, and you repeatedly refuse to agree even just to do that. As you surely know, U.H. policy allows the Decision Maker (Dean Osorio is of now) the power to suspend me from my job, reassign me away from my clinics, my classes, and indeed the entire law school, and even terminate my employment.

      Finally, your September 1, 2023, letter fails to mention that we discussed the specific nature and history of the relationship between Bruno, Nelson and Osorio, which we only recently discovered, or that their publicly expressed common goals include the creation of a new clinic at the law school where it would compete with my clinics for severely limited space and other law school resources. Your clients' repeated refusal to be reasonable forced me to file this lawsuit, and now is forcing me to file a motion for TRO/Preliminary injunction.

Once I can return to campus, run my clinics, and resume classroom teaching, I will be willing to engage in meaningful mediation designed to heal relationships and move forward positively.

Sincerely,

Kenneth Lawson